FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY L. WHITMAN,<br>    *Plaintiff-Appellant,*<br>    v.<br>NORMAN Y. MINETA,<br>    *Defendant-Appellee.* | No. 05-36231<br>D.C. No.<br>CV-04-00018-A-<br>JKS<br>OPINION |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Senior District Judge, Presiding

Submitted August 7, 2008*
Anchorage, Alaska

Filed September 2, 2008

Before: Dorothy W. Nelson, A. Wallace Tashima, and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge D.W. Nelson



RECEIVED
SEP 0 5 2008
CLERK, U.S. DISTRICT
COURT

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY

### Labor and Employment/Employment Discrimination

The court of appeals affirmed a judgment of the district court in part, reversed in part, and remanded. The court held that the Age Discrimination in Employment Act (ADEA) permits a claim for retaliation against a federal employer.

Appellant Terry Whitman sued his employer the Federal Aviation Administration (FAA) in district court in Alaska, alleging that the FAA discriminated against him in violation of the ADEA when it promoted a student intern to a full-time salaried position that he sought, and when it denied Whitman's request for an extension of a work detail. Whitman also alleged that the FAA retaliated against him when he filed a formal complaint of age discrimination. The FAA did not promote Whitman because he lacked skills, he failed to show that he would be able to handle the job responsibilities, and he did not have one year of specialized experience. The district court dismissed Whitman's retaliation claim after concluding that the ADEA did not permit a claim for retaliation against a federal employer. The court granted summary judgment to the FAA on the remaining claims of age discrimination.

Whitman appealed.

[1] Since the district court dismissed Whitman's retaliation claim, the Supreme Court has held that the ADEA does provide a cause of action for retaliation against federal employers. Thus, the district court's dismissal of Whitman's retaliation claim had to be reversed on this issue and the case had to be remanded for reconsideration.

[2] Under the ADEA, all personnel actions affecting employees or applicants for employment who are at least 40 years of age shall be made free from any discrimination based on age. In order to establish a prima facie case of discrimina-

tion, one thing a plaintiff must show is that he was qualified for his position. [3] Whitman did not demonstrate that he was either qualified or eligible for the contested position. The FAA denied Whitman a promotion because he lacked skills, did not show that he would be able to handle the job responsibilities, and did not have one year of specialized experience. As a result, Whitman's claim of discrimination based on the promotion of a younger employee failed.

[4] Under the ADEA, an employee has two alternative options for seeking judicial redress. In the first, an employee gives the Equal Employment Opportunity Commission (EEOC) notice of the alleged discriminatory act within 180 days, and gives notice of his intent to sue at least 30 days before commencing suit in a federal court. In the second, an employee invokes the EEOC's administrative claims process, and then may appeal any loss therein to the federal court. The employee must notify the EEO counselor within 45 days of the alleged discriminatory conduct. [5] Whitman did not meet the time requirements for either option. The judgment of the district court had to be affirmed on this issue.

## COUNSEL

Terry L. Whitman, Anchorage, Alaska, Pro Se appellant.

August E. Flentje, United States Department of Justice, Washington, D.C., for the appellee.

## OPINION

D.W. NELSON, Senior Circuit Judge:

Terry Whitman ("Whitman") was employed by the Federal Aviation Administration ("FAA") as a Flight Data Specialist

at the Anchorage Air Route Traffic Control Center. Whitman filed suit against the FAA, alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a *et seq.* Whitman alleged that his employer discriminated against him when it promoted a student intern to a full-time salaried position which he sought, and when it denied Whitman's request for an extension of a work detail. Whitman also alleged that his employer retaliated against him when he filed a formal complaint of age discrimination.

The district court dismissed Whitman's retaliation claim after concluding that the ADEA did not permit a claim for retaliation against a federal employer. The district court granted summary judgment to the FAA on the remaining claims of age discrimination. We reverse and remand in part, and affirm in part.

I. *Standard of Review*

We review de novo the district court's grant of a motion to dismiss. *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998). We also review de novo the district court's grant of summary judgment to determine whether, viewing all evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Metoyer v. Chassman*, 504 F.3d 919, 930 (9th Cir. 2007). On a dismissal for failure to exhaust administrative remedies, the district court's underlying factual determinations are reviewed for clear error, and its application of substantive law is reviewed de novo. *Wilkins v. United States*, 279 F.3d 782, 785 (9th Cir. 2002).

II. *Retaliation Claim*

Whitman's retaliation claim is based upon his contention that he was mistreated by his employer after he first filed an administrative complaint with the Equal Employment Oppor-

tunity ("EEO") counselor in July 1999. He alleges that he was denied an extension of a work detail, denied a promotion, and subjected to acts of intimidation due to animus surrounding his discrimination complaint.

[1] The district court dismissed Whitman's claim for retaliation on the ground that the federal-employee provision of the ADEA does not waive the federal government's sovereign immunity for a claim of retaliation. Since then, the Supreme Court held that, to the contrary, the ADEA does provide a cause of action for retaliation against federal employers. *Gomez-Perez v. Potter*, ___ U.S. ___, ___, 128 S. Ct. 1931, 1936 (2008).[1] Accordingly, we reverse the district court's dismissal of Whitman's retaliation claim and remand for reconsideration in light of *Gomez-Perez*.

III. *Age Discrimination Claim Based on Younger Employee's Promotion*

[2] Whitman's claim for employment discrimination based upon the promotion of a younger employee is unavailing because he has not set forth a prima facie case of age discrimination. Under the ADEA, "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). In order to establish a prima facie case of discrimination, a plaintiff must show that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004) (applying the

---

[1] After *Gomez-Perez* was decided, which was subsequent to the completion of briefing in this case, the government withdrew its contention that the ADEA did not authorize a retaliation claim.

Title VII framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)); *see Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (holding that the *McDonnell Douglas* framework applies to ADEA claims).

[3] Whitman fails the second element of the *McDonnell Douglas* test because he has not demonstrated that he was either qualified or eligible for the contested position. Whitman did not show that he possessed the requisite knowledge and experience to compete for a computer specialist position similar to that obtained by the younger employee. The FAA denied Whitman a promotion because he lacked skills, did not show that he would be able to handle the job responsibilities, and did not have one year of specialized experience. Accordingly, Whitman's claim of discrimination based on the promotion of a younger employee must fail.

IV. *Age Discrimination Claim Based on Denial of Detail Extension*

[4] Under the ADEA, an employee has two alternative options for seeking judicial redress. In the first, an employee gives the Equal Employment Opportunity Commission ("EEOC") notice of the alleged discriminatory act within 180 days, and gives notice of his intent to sue at least thirty days before commencing suit in a federal court. 29 U.S.C. §§ 633a(c), (d). In the second option, an employee invokes the EEOC's administrative claims process, and then may appeal any loss therein to the federal court. 29 U.S.C. §§ 633a(b), (c). If the employee goes through the administrative process, he must notify the EEO counselor within forty-five days of the alleged discriminatory conduct. 29 C.F.R. § 1614.105(a)(1). Under either avenue, Whitman's claim was untimely.

[5] Whitman's challenge to his employer's denial of an extension of a work detail was untimely. Whitman learned about the denial of his request for an extension of his work

detail in August 2000. He raised his claim in administrative proceedings in September 2001, more than one year later, by adding this additional claim to his complaint. Whitman failed to give the EEOC notice of the allegedly discriminatory act within 180 days of its occurrence. *See* 29 U.S.C. § 633a(d). During the pendency of administrative proceedings, Whitman did not notify the EEO counselor of this incident within forty-five days of its occurrence. *See* 29 C.F.R. § 1614.105(a)(1); *Lyons v. England*, 307 F.3d 1092, 1108 (9th Cir. 2002). He therefore has not met the time requirements for either option.

V. *Conclusion*

In sum, we reverse and remand in part so the district court may reconsider Whitman's claim for retaliation in light of the Supreme Court's recent decision on this subject. We affirm the district court's judgment dismissing Whitman's other claims for age discrimination. Each party shall bear its own costs on appeal.

**REVERSED AND REMANDED IN PART; AFFIRMED IN PART.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.